UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  v.<br><br>RYAN A. JACKLIN,<br><br>       Defendant. | Case No. 17-cr-40026-JPG |

**MEMORANDUM AND ORDER**

      This matter comes before the Court on defendant Ryan A. Jacklin's motion for copies of his judgment and sentencing transcript (Doc. 62). He does not explain why he wants those documents.

      Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

      As for transcripts that are not in the record because they have not been prepared, a

defendant has a right to a free transcript under limited circumstances.  This right is dependent upon: (1) whether the defendant can establish that he is indigent, and (2) whether the transcript is needed to decide an issue presented by a pending and non-frivolous action.  *See* 28 U.S.C. § 753(f).  These requirements do not violate the Constitution.  *See United States v. MacCollom*, 426 U.S. 317 (1976) (court's decision not to grant indigent federal prisoner unconditional right to obtain trial transcript for § 2255 proceeding does not violate due process or equal protection); *Lampley v. McBride*, 207 F. App'x 649, 651 (7th Cir. 2006) (court not required to provide transcript at public expense if proceeding is frivolous).

Jacklin has not provided any evidence that he is indigent and unable to pay the $0.50 per page fee charged by the Clerk's Office for a copy of his 8-page judgment or the fee the court reporter would charge to prepare a transcript of his sentencing hearing.  He has also not shown that he has exhausted all other avenues of obtaining a copy of his judgment, like requesting a copy from his trial counsel.  Most importantly, however, Jacklin has not shown that he needs these documents for any non-frivolous action or motion pending before a court.

For these reasons, the Court **DENIES** Jacklin's motion for free copies **without prejudice** to a motion making the aforementioned showing (Doc. 62).  Jacklin is free to contact the Clerk's Office to purchase a copy of his judgment or the court reporter who reported his sentencing hearing (Stephanie Rennegarbe) to purchase a copy of that document.

**IT IS SO ORDERED.**
**DATED:  November 20, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**