UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                                                    Case No. 17-cr-40026-JPG

RYAN A. JACKLIN,

      Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Ryan A. Jacklin's *pro se* motion for a sentence reduction for "extraordinary and compelling reasons" pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)) (Doc. 78).  The Government responded (Doc. 84).  Thereafter, the defendant filed two letters (Docs. 85 & 89) and a motion for leave to amend his motion for sentence reduction (Docs. 87 & 88), all of which the Court has considered in the nature of a reply to the Government's response.

## I.    Compassionate Release

The First Step Act expanded the sentence reduction provisions[1] of § 3582(c)(1)(A) by opening the door for a defendant to move for a reduction rather than only allowing the Director of the Bureau of Prisons ("BOP") to so move.  First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(1)(A)); *Rutherford v. United States*, 146 S. Ct. 1320, 1328 (2026); *United States v.*

---

[1] The reduction provisions are often referred to as "compassionate release" because historically the grounds for reduction have included the defendant's health, age, and/or family circumstances as "extraordinary and compelling reasons" for immediate release.  Release was called "compassionate" because it was viewed as granting mercy for an ailing or aged defendant or one needed by his family.  *See Fernandez v. United States*, 146 S. Ct. 1292, 1303 (2026).

*Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020).  The relevant portion of the law provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>> (1) in any case—
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>> (i) extraordinary and compelling reasons warrant such a reduction. . .
>>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A).

The final clause of § 3582(c)(1)(A) requires the Court to consider whether a sentence reduction would be consistent with U.S.S.G. § 1B1.13 (2023) (effective Nov. 1, 2023), the policy statement applicable to motions filed by the BOP Director or the defendant.  That policy statement adds the provision that the defendant must not be a danger to the safety of any other person or to the community.  U.S.S.G. § 1B1.13(a)(2) (2025).[2]  The policy statement further defines "extraordinary and compelling reasons" to include, alone or in combination, as relevant for this case:

> **(5) Other Reasons.**—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

> **(6) Unusually Long Sentence.**—If a defendant received an unusually long sentence and

---

[2] This provision is similar, but not identical, to 18 U.S.C. § 3553(a)(2)(C), which requires the Court to consider the need for the sentence "to protect the public from further crimes of the defendant."

has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b) (2025).

The supposed invalidity of a conviction is not an extraordinary and compelling reason for relief. *Fernandez v. United States*, 146 S. Ct. 1292, 1302 (2026). Nor are non-retroactive changes in the law that would have made a defendant's sentence shorter had the change applied at his sentencing. *Rutherford*, 146 S. Ct. at 1330-31. These circumstances may, however, be considered in determining the extent of a reduction where other extraordinary and compelling reasons exist. U.S.S.G. § 1B1.13(c) (2025). Rehabilitation of the defendant cannot, by itself, be an extraordinary and compelling reason, 28 U.S.C. § 994(t), but it may be considered in connection with other reasons in determining whether and to what extent the Court should grant a reduction to an eligible defendant. U.S.S.G. § 1B1.13(d) (2025).

Thus, for a defendant to be eligible for a § 3582(c)(1)(A) sentence reduction, he must have exhausted his administrative remedies,[3] and the Court must find that (1) extraordinary and compelling reasons for a reduction exist, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), the extraordinary and compelling reasons warrant a reduction. 18 U.S.C. § 3582(c)(1)(A); *see Rutherford*, 146 S. Ct. at 1333 (describing distinct analytical steps beginning with eligibility by establishment of extraordinary and compelling reason). The movant bears the burden of making such a showing, and the Court has discretion to determine whether the defendant satisfies that burden. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir.

---

[3] The exhaustion requirement is not jurisdictional and may be waived by the Government. *Gunn*, 980 F.3d at 1179.

2021); *Gunn*, 980 F.3d at 1180.  The Court must ensure that any reduction complies with U.S.S.G. § 1B1.13 (2025).

## II.      Analysis

In June 2018, Jacklin pleaded guilty to one count of possession with intent to distribute methamphetamine, one count of possession of a firearm in furtherance of a drug trafficking crime, and one count of conspiracy to manufacture and distribute methamphetamine.  At the defendant's sentencing in September 2018, the Court found his relevant conduct was 2.5 kilograms of methamphetamine, which resulted in a base offense level of 32.  His offense level was enhanced by 2 points for reckless endangerment during flight and decreased by 3 points for timely acceptance of responsibility, yielding a total offense level of 31.  With the agreement of the parties, the Court declined to award a 2-point enhancement for obstruction of justice for threatening witnesses.

As for his criminal history he received 1 point for an Illinois conviction for possession of drug paraphernalia (PSR ¶ 60) and 2 points for committing his current offenses while on parole supervision from another offense (PSR ¶ 63).[4]  His 9 criminal history points landed him in criminal history category IV.  This yielded a guideline sentencing range of 151 to 188 months on the drug counts, plus a consecutive 60 months on the firearm count.  The Court sentenced Jacklin to serve a total of 204 months in prison (144 months on the drug counts and 60 consecutive months on the firearm count).  In exchange for his plea, the Government moved at sentencing to dismiss an additional charge of possession with intent to distribute heroin.  Jacklin did not appeal his sentence.  Jacklin is currently scheduled to be released from prison in November 2031.  *See*

---

[4] U.S.S.G. Amendment 821 would reduce those status points to 1 point.  That reduction, however, would not reduce Jacklin's criminal history category of IV, which applies to 7, 8, or 9 criminal history points.  U.S.S.G. § 5, pt. A.

BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (visited July 15, 2026).

Now, Jacklin, who at the time of his motion had served 8 years in prison, asks the Court to grant him a sentence reduction to 180 months by finding that the "Other Reasons" or the "Unusually Long Sentence" ("ULS") provisions apply. He claims that his conviction for possession of drug paraphernalia has since been expunged. He also suggests he should not have received the reckless endangerment enhancement because the charges on which it was based (PSR ¶¶ 70 & 71) had been dismissed, and his counsel failed to point that out to the Court. He further claims other convictions that did not earn him criminal history points were also expunged. By his calculation, this would leave him at offense level 29 and in criminal history category III where his guideline range would be 108 to 136 months for his drug crimes, effectively 120 to 136 months considering the statutory minimum sentence set forth in 21 U.S.C. § 841(b)(1)(A) for his conspiracy charge. He claims his 204-month sentence is "unusually long," and he seeks a reduction to 120 months for his drug charges plus the existing 60 consecutive months for his gun charge. He asks the Court to consider his rehabilitation and accomplishments in prison and his post-release plans when it considers whether the § 3553(a) factors weigh in favor of a reduction. He notes that he participates in evidence-based recidivism reduction programs even though he is not eligible for sentence credits for them. His more recent communications with the Court express regret for his crimes and a desire to change his life; he attaches letters of support from family and prison staff.

In response, the Government argues that § 2255 is the appropriate route to challenge a sentence after a state court vacates a conviction that had contributed to that sentence through criminal history points. *See McNair v. United States*, 962 F.3d 367, 369 (7th Cir. 2020). It further argues that, to the extent the ULS guideline policy statement is valid, Jacklin is not

eligible by its very terms because he has not yet served 10 years in prison.  The Government further argues that Jacklin's sentence does not qualify as unusually long because it was below his guideline sentencing range and that Jacklin has pointed to no change in the law that would render his sentence grossly disparate to what he would have received today for the same crimes. Finally, it argues that Jacklin still poses a danger to the community and that the § 3553(a) factors weigh against lowering his sentence now.  It erroneously points to an obstruction of justice enhancement that Jacklin did not receive and accurately points to the reckless endangerment enhancement he did.  It also notes his lengthy criminal history.

The Government has not invoked exhaustion of remedies as a defense, so has waived that argument.  Nor has it, as it did in response to Jacklin's first motion for compassionate release, invoked the waiver in his plea agreement that relinquished his right to seek modification of his sentence.  That defense, too, has therefore been waived.

Nevertheless, the Court finds Jacklin has not established an extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i).  To the extent Jacklin invokes the asserted expungement of his prior convictions that contributed to his criminal history category, such challenges must be made in a § 2255 motion.  *McNair*, 962 F.3d at 368 ("§ 2255  is the proper means to contest sentences on the basis of a change in one's criminal record"; citing *Unthank v. Jett*, 549 F.3d 534 (7th Cir. 2008)).  And the Supreme Court recently held in *Fernandez v. United States*, 146 S. Ct. 1292 (2026), that challenging a sentence via a motion for compassionate release is impermissible because it circumvents the requirements of § 2255, including the statute of limitations, the limitation on second or successive petitions, and the bar to raising issues that were waived or already decided.  *Id.* at 1301-02.  *Fernandez* concludes that "the supposed invalidity of a conviction is not among the 'extraordinary and compelling reasons' that justify

6

compassionate release." *Id.* at 1302. The reason is "not 'compelling' if Congress has channeled it through the postconviction statutes" even if a defendant cannot clear the bar to bring the § 2255 motion. *Id.* at 1303. Thus, if Jacklin has a remedy at all, as *McNair* directs, it is through § 2255.

The only other reason Jacklin offers is his rehabilitation, which cannot alone serve as an extraordinary and compelling reason for compassionate release.

In light of the foregoing, the Court need not consider whether Jacklin remains a danger to the community and whether the § 3553(a) factors weigh in favor of relief. The lack of an extraordinary and compelling reason is sufficient to deny the motion for compassionate release.

However, the Court notes that Jacklin's motion is, in fact, a § 2255 since it seeks relief from his sentence even if he calls it a motion for compassionate release. "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004); *accord Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007). The Court is inclined to officially make it so by ordering that his original motion for compassionate release (Doc. 78) be filed as a separate § 2255 case with the original filing date of that motion. However, this would be Jacklin's first § 2255 motion, and before the Court will definitively construe it as such, it must give Jacklin an opportunity to reject that construction. "[T]he court cannot so recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." *Castro v. United States*, 540 U.S. 375, 377 (2003).

The Court cautions Jacklin that the motion he has filed, even if construed as a § 2255, is unlikely to bring him any relief.  By the Court's calculations, even if he succeeds in showing his expunged conviction justified removing 1 criminal history point, and even if U.S.S.G. Amendment 821 removed another, Jacklin would have 7 criminal history points and would still be in criminal history category IV.  *See* U.S.S.G. § 5, pt. A.  Unless he could show his offense level should be reduced because counsel was constitutionally ineffective for failing to point out that the basis for the reckless endangerment enhancement had been dismissed, he would be entitled to no relief.  And that is a tough row to hoe because the Court was aware of the dismissal at the time of sentencing and was not prohibited from imposing the enhancement even without a charge or a conviction.  Thus, even if counsel were deficient, Jacklin suffered no prejudice because the Court would have imposed the reckless endangerment enhancement anyway.  It is Jacklin's choice whether to spend his first § 2255 on a theory that has little chance of success; the Court cannot force him to do so.

## III.    Conclusion

For all of these reasons, to the extent Jacklin seeks a sentence reduction under § 3582(c)(1)(A), the Court **DENIES** his motion (Doc. 78) and **DENIES as moot** his motion to amend since it has already considered the content of that filing (Doc. 87).

The Court further **WARNS** Jacklin that he has up to and including **August 15, 2026**, to file a notice that he does not want his motion construed as a § 2255 motion.  If he files a timely notice that he does not want to proceed in a § 2255 case, the Court will take no further action.  If he fails to file a timely notice that he does not want to proceed in a § 2255 case, the Court will construe his motion as a § 2255 motion and will direct the Clerk's Office to open a new § 2255 case using the motion's original filing date.  Jacklin will then be subject to the second or

8

successive filing restrictions contained in 28 U.S.C. § 2255(h) and other rules governing § 2255

cases.

**IT IS SO ORDERED.**
**DATED:  July 16, 2026**

**J. PHIL GILBERT**
**DISTRICT JUDGE**